# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JUAN MANUEL JAIME, on behalf of himself and on behalf all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: |
| v. | ) ) | |
| GEICO CASUALTY COMPANY | ) ) | |
| Defendant. | ) | |

TO:     The Clerk of the United States District Court
         for the Western District of Missouri

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant GEICO Casualty Company ("GEICO") hereby removes this action, currently pending in the Circuit Court of Clay County, Missouri, Case No.: 18CY-CV10838, to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 on the grounds that federal diversity jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").

## BACKGROUND

1.      On October 18, 2018, Plaintiff Juan Manuel Jaime filed this putative class action in the Circuit Court of Clay County, Missouri.  A true and correct copy of the Petition is attached hereto as Exhibit "A."

2.      Plaintiff alleges, *inter alia*, that Defendant refused to pay the claims of "drivers that are in the process of transporting goods or being paid to deliver by an on-demand network."  *See* Ex. A at 1.  Plaintiff alleges that he was involved in an auto collision in Kansas City, Missouri while "traveling to a restaurant where he intended to pick up a food order to deliver to a Postmates customer."  *Id.* at ¶¶ 17-18.  GEICO "refus[ed] to provide coverage for the collision."  *Id.* at ¶ 26.

9036331

Plaintiff seeks to represent a state-wide class of consumers of "all other persons residing in Missouri that purchased a Geico Auto Insurance Policy on or after October 17, 2008 and up until the date a class is certified." *Id.* at ¶ 29. Plaintiff's causes of action include breach of contract, *id.* at ¶¶ 35-42, breach of the duty of good faith and fair dealing, *id.* at ¶¶ 43-49, and vexatious refusal to pay, *id.*at ¶¶ 53-58. Plaintiff also seeks a declaratory judgment regarding denials of coverage related to transporting passengers or good for hire. *Id.* at ¶¶50-52.

## REMOVAL IS TIMELY

3.      The Missouri Department of Insurance was served on October 26, 2018. Accordingly, this Notice of Removal is filed within the thirty (30) day time frame provided by 28 U.S.C. § 1446(b).

## REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

4.      CAFA applies to civil class actions commenced on or after February 18, 2005. *See* Pub. L. No. 109-2 § 9, 119 Stat. 4, 14 (2005).

5.      Under CAFA, this Court has original federal jurisdiction of any class action where (a) there is minimal diversity among the parties, i.e., any class member and any defendant are citizens of different states; (b) there are at least 100 members in the putative class; and (c) the amount in controversy exceeds $5,000,000 in the aggregate exclusive of costs and fees. 28 U.S.C. § 1332(d)(2)(A); *see Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).

## MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

6.      "Minimal diversity" exists if the citizenship of "*any* member of a class of plaintiffs is a citizen of a State different from *any* defendant." *See* 28 U.S.C. § 1332(d)(2)(A) (emphasis added).

7.     Plaintiff's Petition admits that Defendant is not a resident of Missouri.  *See* Ex. A at ¶ 2.

8.     Indeed, GEICO is and was a corporation organized outside the State of Missouri, organized under the laws of Maryland.  *Id.*; *See* Declaration of Rhonda Taylor at ¶ 2 (attached hereto as Exhibit "B").  It has and had its principal place of business outside the State of Missouri, located in Chevy Chase, Maryland.  Ex. A at ¶ 2; Ex. B. at ¶ 2.

9.     A corporation is a citizen of every state in which it is incorporated and in which it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  Thus, Defendant is a citizen of Maryland.

10.     As alleged in the Petition, Plaintiff Juan Manuel Jaime is a resident of the State of Missouri and putative citizen of Missouri.  *See* Ex. A at ¶ 1.

11.     Here, minimal diversity exists as Plaintiff and all putative class members are consumers residing in the State of Missouri and presumed to be Missouri citizens.  Thus, Plaintiff and all other putative class members are citizens of a different state than Defendant GEICO, who is a citizen of Maryland.

## THERE ARE OVER 100 MEMBERS IN THE PUTATIVE CLASS

12.      Plaintiff has brought this action on behalf of herself and a putative class of Missouri consumers who "purchased a GEICO Auto Insurance Policy on or after October 17, 2008 and up until the date a class is certified."  *Id.* at ¶ 29.

13.     The number of individuals defined by Plaintiff's putative class exceeds 100, as approximately 152,000 GEICO Auto Insurance Policies have been purchased by Missouri residents as of October 31, 2018.  *See* Ex. B at ¶ 4.

9036331

3

## THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

14. The amount in controversy in this lawsuit exceeds five million dollars ($5,000,000), exclusive of interest and costs, as required by CAFA. *See* 28 U.S.C. § 1332(d)(6).

15. Plaintiff's Petition seeks "compensatory, restitution and general damages … including, but not limited to all amounts paid by Plaintiff and class members for repairs that should have been covered by the Policy, for third-party property and bodily injury claims that should have been covered by the Policy, for rental car benefits that should have been paid under the Policy and all other Policy benefits that should have been, but were not, provided by Geico." *See* Ex. A at 12-13. Plaintiff's Petition also seeks "attorneys' fees under the Missouri vexatious refusal to pay claims" and "such other and further relief as the Court deems just, appropriate and equitable." *Id.* at 13.

16. Where, as here, a plaintiff alleges damages for breach of contract on behalf of a putative class based on a failure to provide adequate insurance coverage, courts in the 8th Circuit have held that the amount-in-controversy can be calculated based on the total amount of the premiums paid by the putative class on the insurance company's policies at issue. *Dammann v. Progressive Direct Ins. Co.*, 2015 WL 9694633 at *3 (D. Minn. Nov. 20, 2015), *aff'd* 856 F.3d 580, 583 (8th Cir. 2017) (rejecting Plaintiffs' argument that the amount-in-controversy was limited to the deductible at issue where Plaintiffs' Complaint also sought a declaratory judgment that "put[] Progressive's sale practices at issue and has broader implications than recovery of the $100 deductible" and concluding that "nearly $78 million in insurance premiums may be in issue"). This is consistent with the damages available under Missouri law for Plaintiff's breach of contract claim. *See Dunning v. Alfred H. Mayer Co.*, 483 S.W.2d 423, 427 (Mo. App. E.D. 1972) (holding that under Missouri law, the claimant in a breach of contract action is entitled to recover the value

of the contract at the time of its breach, the value of the promised performance, or the value of the benefit contracted for).  In the alternative, the amount in controversy in a dispute regarding the applicability of an insurance policy can also allegedly be calculated by determining "the value of the underlying claim, unless this exceeds the maximum limit of the policy, in which case the amount in controversy is the maximum limit of the insurer's liability under the policy."  *Lowe v. First Financial Ins. Co.*, 2015 WL 753239, at *3 (W.D. Mo. Feb. 23, 2015) (quoting 1A Fed. Proc. L.Ed. § 1:461 (2014)).

17.     Here, Plaintiff alleges that he "paid more than $1,000 a year for comprehensive vehicle coverage that should have provided him with up to $25,000 in property damage, rental car reimbursement, roadside towing service and coverage for third party property and bodily injury claims with limits of $25,000/$50,000 respectively."  *See* Ex. A at ¶ 11.  He alleges that his pecuniary damages exceed $10,000.00 and that "the third-party property damage claims could exceed 25,000.00."  *Id.* at ¶¶ 21-22.  Based on the nature of these allegations, Plaintiff's potential actual damages for his individual claim are approximately $35,000.

18.     With respect to the putative class of Missouri residents who have purchased GEICO Auto Insurance policies, the total contractual value of the written premiums paid for Auto Insurance Policies issued to by GEICO to Missouri residents in 2018 is approximately $70 million.  *See* Ex. B at ¶ 5.  Thus, if Plaintiff is successful on his claims for breach of contract, Plaintiff would be entitled to recover the total cost of the premiums paid by the putative class, well in excess of the statutory $5 million amount-in-controversy threshold.  *See, e.g., Raskas v. Johnson & Johnson*, 719 F.3d 884, 886 (8th Cir. 2013) ("when determining the amount in controversy, the question 'is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are.'") (*quoting Bell v. Hershey Co*., 557 F.3d 953, 959 (8th Cir. 2009)).

19.     Moreover, Plaintiff's pursuit of attorneys' fees and statutory penalties under Missouri Statute § 375.420 is properly included in the amount-in-controversy calculation. *Dominick v. Midwestern Indemnity Co.*, 2014 WL 12601512, at *5 (W.D. Mo. Oct. 2, 2014) ("In a Missouri vexatious refusal case, the removing party may also include statutory penalties and attorney's fees along with the plaintiff's breach of contract damages."). Statutory penalties for a vexatious refusal to pay claim "allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the mount of the loss in excess of fifteen hundred dollars." V.A.M.S. § 375.420.

20.     Here, Plaintiff alleges that his pecuniary damages exceed $10,000.00, and his third-party property damages claims could exceed $25,000.00. *See* Ex. A at ¶¶ 21-22. Based on a loss of $35,000.00, the statutory penalty under V.A.M.S. § 375.420 would equate to $3,650.00 (twenty percent of the first fifteen hundred dollars, or $300.00, plus ten percent of the remaining $33,500, or $3,350.00).

21.     "Eighth Circuit courts hold that, in calculating the amount in controversy, it is reasonable to estimate attorney's fees based upon a 25% contingency fee." *Dominick*, 2014 WL 12601512, at *5 (citing *Peng Veng v. Mid-Century Ins. Co.*, 2013 WL 626985, at *2 (W.D. Mo. Feb. 20, 2013).

22.     Here, applying a 25% contingency fee to the $70 million value of the policies for the breach of contract claim would total $17.5 million in attorneys' fees.

23.     Thus, in consideration of all of the damages recoverable under breach of contract and vexatious refusal to pay—actual damages, statutory penalties, and attorney's fees—the amount in controversy exceeds $5,000,000, thus satisfying CAFA.

24.     Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) & (6) because this class action:  (a) minimal diversity exists; (b) there are over 100 members in the putative class; and (c) the amount in controversy exceeds $5,000,000 in the aggregate exclusive of interest and costs.

## **NONE OF THE EXCEPTIONS TO CAFA JURISDICTION APPLY**

25.     Although CAFA contains certain exceptions, none apply here.

a.     Under 28 U.S.C. § 1332(d)(4), CAFA does not extend federal diversity jurisdiction to class actions in which more than two-thirds of the members of the proposed class are citizens of the State in which the action was originally filed, at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the asserted claims is a citizen of the State in which the action was originally filed, and the principal injuries occurred in the State in which the action was originally filed.  Here, Defendants are not citizens of the State of Missouri.  Accordingly, the provisions of 28 U.S.C. § 1332(d)(4) do not preclude the exercise of federal jurisdiction.

b.     Under 28 U.S.C. §§ 1332(d)(5), CAFA does not extend federal diversity jurisdiction to class actions in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" or "the number of members of all proposed plaintiff classes in the aggregate is less than 100."  Here, Defendants are not states, state officials, or other governmental entities.  Further, the putative class is alleged to be well over 100 citizens.  Accordingly, the provisions of 28 U.S.C. § 1332(d)(5) do not preclude the exercise of federal jurisdiction.

c.     Under 28 U.S.C. § 1332(d)(9), CAFA does not extend federal diversity jurisdiction to class actions involving solely (A) securities covered under the federal securities

9036331

laws, (B) a corporation's internal affairs or governance, or (C) the "rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." 28 U.S.C. § 1332(d)(9)(A)-(C). The allegations in Plaintiff's Petition do not relate to such claims. Accordingly, the provisions of 28 U.S.C. § 1332(d)(9) do not preclude the exercise of federal jurisdiction.

26.     For the foregoing reasons, this action is removable pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

## DEFENDANTS HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

27.     Counsel for GEICO certifies that a copy of this Notice of Removal is being filed with the Clerk of the Clay County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

28.     Pursuant to 28 U.S.C. § 1446(a), Defendants attach as Exhibit "C" all process, pleadings, and orders served upon GEICO.

29.     GEICO reserves the right to amend or supplement this Notice of Removal and reserve all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

WHEREFORE, GEICO gives notice that the above-described action pending in the Clay County Circuit Court is removed to this Court.

Dated:  November 26, 2018                    Respectfully Submitted,

                                             By: *Gregory K. Wu*
                                             Gregory K. Wu, #54087
                                             Douglas S. Beck, #49984
                                             SHOOK, HARDY & BACON LLP
                                             2555 Grand Boulevard
                                             Kansas City, MO 64108
                                             Telephone:  816-474-6550
                                             Facsimile:  816-421-5547
                                             gwu@shb.com
                                             dbeck@shb.com
                                             *Attorneys for Defendant*

Case 4:18-cv-00937-RK     Document 1     Filed 11/26/18     Page 8 of 9

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2018, I filed the foregoing with the clerk of the court using the court's CM/ECF system, which will serve electronic notice upon all parties of record. A copy of the foregoing was served via electronic mail to the following:

Robert A. Horn
Joseph A. Kronawitter
HORN AYLWARD & BANDY; LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
rhorn@hab-law.com
jkronawitter@hab-law.com

**Attorneys for Plaintiff**

*Gregory K. Wu* _____
Gregory K. Wu